THEODORE DE BONIS, Appellant, v. SAUL M. CHUCKROW, Respondent.— Appeal from a judgment entered upon an order of the Supreme Court at Special Term in Albany County, dismissing plaintiff-appellant's complaint pursuant to rule 113 of the Rules of Civil Practice. The complaint alleges two causes of action. The first is predicated upon common-law negligence and alleges that on November 9, 1954, while plaintiff was engaged in working for defendant as a gardener, at 12 Myrtle Avenue, Troy, New York, due to

the negligence of defendant, he was caused to fall from a tree and that he sustained injuries. The second cause of action is based on the Employers' Liability Law and alleges that defendant failed to pay or cause to be paid workmen's compensation benefits. Defendant's amended answer contains a general denial and an affirmative allegation that a policy of workmen's compensation insurance covering plaintiff existed at the time of his accident. Defendant had secured a policy of workmen's compensation insurance effective from January 7, 1954 to January 7, 1955. The policy states that the location of "all factories, shops, yards, buildings, premises or other workplaces of this Employer" is 12 Myrtle Avenue, Troy, New York. This is defendant's private residence from which no commercial enterprise is carried on. The "Classification of Operations" in the policy is stated as "Inservants One (1)" and "Inservants One (1) Occasional". Defendant moved to dismiss the complaint pursuant to rule 113 of the Rules of Civil Practice on the ground that the policy of workmen's compensation insurance established his affirmative defense that he had secured to plaintiff the right to workmen's compensation benefits. Special Term granted the motion and dismissed the complaint holding that plaintiff was covered by the policy by reason of subdivision 4 of section 54 of the Workmen's Compensation Law even though his job classification was not specifically set forth in the policy. Section 54 is entitled "The insurance contract". Subdivision 4 provides, in part: "Every such contract or agreement of insurance issued by an insurance carrier covering the liability of an employer for the payment of the compensation * * * provided by this chapter shall be deemed to include all employees of the employer employed at or in connection with the business of the employer carried on, maintained, or operated at the location or locations set forth in such contract or agreement". Appellant argues that the subdivision does not apply to the policy of insurance issued to defendant because the phrase "business of the employer" is intended to encompass only employment carried on for pecuniary gain and not to the operation of a private residence. However, it is to be noted that nowhere in the subdivision is the word "business" limited to operations conducted for the monetary enrichment of an employer. In the absence of any express limitation by the Legislature, the word "business" should be given a meaning larger than "commercial enterprise". It is plain from the whole section that the Legislature was dealing with the "insurance contract" in general, not with an insurance contract applying to operations carried on for pecuniary gain. As used, the word "business" includes the operation of a private residence. This interpretation gives meaning to paragraph six of the policy of insurance issued to defendant. It provides: "Six This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places." The fact that plaintiff's employment did not fall within the "Classification of Operations" is not material. Job classifications are relevant only for the purpose of computing the advance premium. (*Matter of Black* v. *Swetnick*, 281 App. Div. 997.) The policy itself provides that the employer shall pay the premium for any operation not described or rated in the policy at the time of the final adjustment of the premium. Judgment and order unanimously affirmed, with costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.